IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| DORENE CAMPBELL, | ) | CASE NO. 1:18-CV-00767-WHB |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | **MEMORANDUM OPINION & ORDER** |

## Introduction

Before me[1] is an action by Dorene Campbell under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The ALJ's no disability finding is affirmed in part and reversed and remanded for further administrative proceedings in part.

## Issues Presented

This case presents the following issues for review:

- The ALJ gave the opinion of physician's assistant Christine Stehouwer great weight.[3] He did not adopt the limitations opined by Ms. Stehouwer regarding use of the upper left extremity in Campbell's residual functional capacity

---

[1] ECF No. 15. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 12, Transcript ("Tr.") at 23.

("RFC").[4] Does substantial evidence support the ALJ's finding regarding Campbell's upper left extremity limitations?

- The ALJ found at Step Two that Campbell's depression was not a severe impairment.[5] Two state agency reviewing psychologists gave opinions consistent with this finding.[6] Is this Step Two finding supported by substantial evidence?

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[7]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[4] *Id.* at 17.
[5] *Id.* at 13.
[6] *Id.* at 79, 105.
[7] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

2

Commissioner survives "a directed verdict" and wins.[8] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[9]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## A.   RFC findings

The ALJ gave the opinion of Christine Stehouwer, a treating physician's assistant, great weight. The ALJ observed, however, that "the overall evidence supports that the claimant retained the ability to perform at the light exertional level with postural limitations and left manipulative/reaching."[10]   This effectively constitutes a rejection of Ms. Stehouwer's opinion that Campbell could rarely reach, push/pull, and perform fine and gross manipulation.[11]   The RFC finding provides for occasional reaching, handling, and fingering with the left upper extremity.[12]

The ALJ's discussion of Ms. Stehouwer's opinion is as follows, raised in the context of discounting the opinion of consulting examiner Dr. Bradford:

> Finally, the noted limitations contrast to the assessment provided by Ms. Stehouwer, with whom the claimant had an established and regular treating relationship, and whose findings are given great weight. Specifically, for the reasons outlined above, the overall evidence supports that the claimant retained the ability to perform at the light exertional level with

---

[8] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[9] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[10] Tr. at 23.
[11] *Id.* at 514.
[12] *Id.* at 17.

3

> postural and left manipulative/reaching. However, treatment records do not support the noted limitations for temperature extremes and pulmonary irritants, as there is no evidence that changes in temperature or pulmonary irritants exacerbated or worsened her previously discussed signs and symptoms. Further, the evidence does not support that [Stehouwer] was trained as a mental health specialist, and therefore, she lacked the qualifications necessary to opine as to the claimant's ability to concentrate.[13]

The "reasons outlined above" referenced here are set forth earlier in the ALJ's decision.[14] The medical evidence is consistent until the consultative examination with Dr. Bradford on March 8, 2016. During that examination, Dr. Bradford diagnosed Campbell with a frozen shoulder on the left.[15] Ms. Stehouwer noted diffuse myofascial tenderness in the left posterior shoulder region on August 9, 2016.[16] On March 8, 2017, Ms. Stehouwer completed her treating source statement limiting the use of the upper left extremity to rare.[17]

The ALJ's treatment of Stehouwer's opinion is confusing at best.[18] One way to read the ALJ's discussion of her opinion is that it is consistent with the overall medical evidence and his RFC – even though she opined rare use of the left upper extremity and the RFC finding was occasional use of the left upper extremity. It's also possible to read the ALJ's opinion as discounting Stehouwer's opinion as inconsistent with the medical evidence –

---

[13] *Id.* at 23.
[14] *Id.* at 19-23.
[15] *Id.* at 494.
[16] *See id.* at 20.
[17] *Id.* at 514.
[18] *Id.* at 23.

4

but he did that for her other opinions regarding temperature extremes and irritants, so why didn't he include Stehouwer's left extremity limitations in that list if that was what he meant? So, either the ALJ meant to adopt Stehouwer's limitations and erred, or he rejected them in a blanket statement without any analysis or explanation.

The Commissioner's brief relies on the blanket statement that an ALJ does not need to adopt all limitations opined by even an acceptable medical source given great weight. Although this is true as far as it goes, an ALJ must explain the reason behind the omission.[19] As the Social Security Administration's own interpretation of the regulations makes plain, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[20] That was not done here. "The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision."[21]

The Commissioner also argues that the "ALJ explained that the evidence was inconsistent with PA Stehouwer's opinion that Plaintiff could rarely reach, push/pull[,] and

---

[19] *Allen v. Comm'r of Soc. Sec.*, 2:17-cv-1154, 2018 WL 6060446, at *4 (S.D. Ohio Nov. 20, 2018); *Weekly v. Comm'r of Soc. Sec.*, No. 1:13–CV–2108, 2015 WL 45529, at *8 (N.D. Ohio Jan. 2, 2015).
[20] SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY RULING 96-8P, POLICY INTERPRETATION RULING TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, 1996 WL 374184, at *7 (July 2, 1996) ("SSR 96-8p").
[21] *Allen*, 2018 WL 6060446, at *4 (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011)).

perform fine and gross manipulation with both arms and hands." But that's not what the ALJ *said* – although it may be what he *meant*. This constitutes impermissible *post-hoc* rationalization by the Commissioner. While it is one possible reading as set forth above, the Commissioner cannot supply the ALJ's reasoning for him. And without such an explanation or clarity provided by the ALJ, the Court cannot say whether substantial evidence supports the ALJ's RFC findings.

The ALJ must build "an accurate and logical bridge" between the evidence and the ALJ's findings, and he failed to do so here.[22] Remand is required.

**B.      Step Two**

Two state agency reviewing psychologists and a consulting examining psychologist rendered opinions supporting the ALJ's finding that Campbell's depression is not a severe impairment.[23] Although Stehouwer has numerous notes regarding Campbell's mental state and depression, the ALJ gave reasons for discounting that portion of her opinion – specifically, that Stehouwer lacked qualifications as a mental health specialist.[24] Substantial evidence supports the ALJ's Step Two finding regarding Campbell's depression.

---

[22] *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).
[23] *Id.* at 79, 105, 434.
[24] *Id.* at 23.

## Conclusion

The ALJ's no disability finding is affirmed in part and reversed and remanded for further administrative proceedings in part. On remand, the ALJ must properly address the limitations opined by Ms. Stehouwer in the RFC analysis; if the ALJ declines to adopt certain limitations despite giving Ms. Stehouwer's opinion great weight, then the ALJ must explain his or her reasons for doing so.

IT IS SO ORDERED.

Dated: July 25, 2019     s/ William H. Baughman, Jr.
                         United States Magistrate Judge